

# THE ATTORNEY GENERAL
## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

October 6, 1947

Dr. Theophilus S. Painter, President
The University of Texas
Austin 21, Texas

Opinion No. V-399

Re: Applicability of Arti-
cle 2654b-1, exempting
certain students who
are veterans from pay-
ment of school fees,
to the payment of ac-
tivity fee authorized
by S. B. 228, 50th Leg.,
R. S., 1947.

Dear Sir:

Your request for an opinion reads, in part,
as follows:

"Certain veterans who are exempt from
the payment of those fees covered by Arti-
cle 2654b-1 as amended have raised the ques-
tion as to whether they are exempt from the
payment of the student activity fee estab-
lished as a required fee by the Board of Re-
gents of The University of Texas pursuant to
the provisions of Senate Bill No. 228."

Supplemental facts verbally supplied by you
are to the effect that there are approximately one hun-
dred students presently registered in the University
who, for one reason or another, are not eligible for
educational benefits under the "G. I. Bill of Rights"
(Public Law No. 16, 78th Congress and Public Law No.
346, 78th Congress), but are veterans within the mean-
ing of the exemption contained in Article 2654b-1,
V.C.S. It is expected that this number will increase
during the next several years. Your inquiry relates
to student veterans coming within this category.

Based upon these facts, the question thus
presented is whether veterans who are exempt from the
payment of fees under Article 2654b-1, supra, and who,

for one reason or another, are not eligible for educational benefits under the "G. I. Bill of Rights," are exempt from the payment of the student "activity fee" provided for in Senate Bill 228, Acts of the 50th Legislature, Regular Session, 1947, Chapter 66, p. 96.

In answering this question, it is necessary to review the legislative history of the several different statutes involved.

The 40th Legislature at its Regular Session in 1927 enacted what is now Article 2654a, V.C.S. This Article provides, in part, as follows:

"Sec. 1. No State educational institution shall collect from the student thereof any tuition, fee or charge of any kind whatever except as permitted by this Act, and no student shall be refused admission to or discharged from any such institution for the non-payment of any tuition, fee or charge except as permitted in this Act.

"Sec. 2. Any such educational institution may collect from each student a matriculation fee of not to exceed thirty ($30) dollars for any term of nine months, and laboratory charges to cover actual laboratory materials and supplies used by such student not to exceed in any event four ($4.00) dollars for any one year from any one student in any one laboratory course. . . .

"Sec. 3. The words 'State educational institutions' as used in this Act shall include the following and any branch thereof: The University of Texas; . . .

"Sec. 4. Nothing in this Act shall prevent the collection of fees or charges voluntarily paid by the students to cover the expense of student activities; provided, however, that the same shall never be made compulsory or required by the educational institution as a condition precedent to a student entering or continuing at said institution.

In 1933 the 43rd Legislature at its First Called Session enacted what are now the first two Sections of Article 2654b-1, V.C.S. It is therein provided, in part, as follows:

"Sec. 1. The governing boards of the several institutions of collegiate rank, supported in whole or in part by public funds appropriated from the State Treasury, are hereby authorized and directed to except and exempt all citizens of Texas, who have resided in Texas for a period of not less than twelve (12) months prior to the date of registration, and who served during the Spanish-American and/or during the World War as nurses or in the armed forces of the United States during the World War, and who are honorably discharged therefrom, from the payment of all dues, fees and charges whatsoever, including fees for correspondence courses; provided, however, that the foregoing exemption shall not be construed to apply to deposits, such as library, or laboratory deposits, which may be required in the nature of a security for the return of or proper care of property loaned for the use of students, nor to any fees or charges for lodging, board or clothing. . . ."

Article 2654b-1 stood as enacted in 1933, until Section 3 was added by the 48th Legislature, effective May 15, 1943. This latter section was enacted to extend previous World War I tuition and fee exemptions in State colleges and universities to veterans of World War II. The section reads, in part, as follows:

"Sec. 3. All of the above and foregoing provisions, conditions and benefits hereinabove in this Article provided for in Section 1 and in Section 2 shall apply and accrue to the benefit of all nurses, members of the Women's Army Auxiliary Corps, Women's Auxiliary Volunteer Emergency Service, and all members of the United States armed forces, regardless of whether members of the United States Army or of the United States Navy or the United States Coast Guard, who have, or are now serving, or who may after the passage of this Act, serve in the

armed forces of the United States of America during the present World War Number II . . . ."

The 49th Legislature, Regular Session, 1945, added Section 4 to Article 2654b-1. It reads, in part, as follows:

"Sec. 4. The exemption from the payment of dues, fees, and charges as provided hereinabove in Section 1 and Section 3 of this Article shall not apply to or include honorably discharged members of such United States Armed Forces, or other persons hereinabove named, who are eligible for education or training benefits provided by the United States Government under Public Law No. 16, 78th Congress, or amendments thereto, or under Public Law No. 346, 78th Congress, or amendments thereto, or under any other Federal legislation that may be in force at the time of registration in the college concerned of such ex-service man or woman. . . ." (Emphasis ours)

The 50th Legislature, Regular Session, 1947, enacted Chapter 66 (Senate Bill 228, supra) amending Section 4 of Article 2654a, so as to hereafter read and provide as follows:

"Sec. 4. Each of the governing boards of the various institutions of higher education named in Section 3 of this Article is expressly authorized, whem deemed necessary by said governing board, to require and collect a fee or charge from all students registering in said institution to cover the costs of student services which the said governing board deem necessary or helpful in carrying on the educational functions of the institutions, these services to include such services as textbook rentals, recreational activities, health and hospital service, artists and lecture courses, debating and oratorical activities, student publications, and other approved student activities; provided however, that no student shall be required to pay for such services more than Fifteen ($15.00) Dollars per semester or entire summer session. All fees and charges which have

heretofore been collected, charged or at-
tempted to be collected by the various in-
stitutions of higher education for any of
the purposes named in this section under the
heading of student services, regardless of
the name by which such fee was designated,
all of which fees having been charged, col-
lected or attempted to be collected under
authority of Article 2654-a or 2654-c of the
Revised Civil Statutes of Texas, are hereby
in all respects validated, confirmed, ap-
proved and authorized as though they had been
authorized and collected by specific order
of the various governing boards." (Emphasis
ours)

Pursuant to the provisions of Section 4, Ar-
ticle 2654a, V.C.S., as now amended, the Board of Re-
gents of The University of Texas has exercised the dis-
cretion given it by the Act and established as a re-
quired fee an "activity fee" in the sum of Fifteen
($15.00) Dollars. This "activity fee" became effec-
tive as of the beginning of the first semester of the
present school year (1947-1948).

We know from a study of the records of the
University that the agencies of the University deriv-
ing financial support from the "activity fee" are: (1)
Athletic Council; (2) Cultural Entertainment; (3) Cur-
tain Club; (4) Women's Glee Club; (5) Men's Glee Club;
(6) Longhorn Band; (7) Oratorical Assocation; (8)
Co-Ed Handbook; (9) Student Government; and (10) Texas
Student Publications. None of these agencies receive
any support from State appropriations provided by the
Legislature to the University. (See appropriations for
Educational Institutions of Higher Learning, 50th Leg-
islature, R. S., 1947, Chapter 339.) Yet the money de-
rived from the "activity fee" supports and provides
facilities for the conduct of these enumerated extra-
curricular activities of social, recreational, and ed-
ucational natures. There is no longer any doubt that
these activities come within the functions of a pres-
ent day University. Rainey v. Malone, 141 S. W. (2d)
713 (Tex. Civ. App. 1940). Certainly such activities
aid in the development of what was described in early
debates and messages as a "university of the first
class." See Benedict's History of The University of
Texas, pp. 23, 26, 233, 238, 255.

It is a well established rule of statutory construction that the intent of the Legislature as expressed in statutory enactments may be gathered from statutes relating to the same subject matter—statutes in pari materia. This rule is based on the presumption that whenever the Legislature enacts a provision it has in mind the previous statutes relating to the same subject matter.  2 Sutherland Statutory Construction 530, § 5201.

The above rule is applicable to the statutes under consideration because Article 2654a, supra, dealing with the subject of tuition, fees, and charges in State educational institutions, and Article 2654b-1, supra, dealing with the exemption of veterans from payment of fees and charges in State educational institutions, are in pari materia.

In Section 1 of Article 2654a, supra, "any tuition, fee or charge of any kind whatever" is prohibited except as specifically permitted. Section 2 of this Article authorizes and treats with matriculation and laboratory fees. Section 3 names the State schools included within the Act, and then Section 4, as it existed prior to its amendment by the enactment of Senate Bill 228, expressly treats with a student "activity fee" by providing "nothing in this Act shall prevent the collection of fees or charges voluntarily paid by the students to cover the expense of student activities." It is thus apparent that student activity fees, as provided for in Section 4, were placed in a different classification and category from "tuition, fee or charge of any kind whatsoever" and "matriculation" and "laboratory" fees mentioned in Sections 1 and 2.

When the Legislature enacted Section 1 of Article 2654b-1, supra, a phrase similar to that found in Article 2654a, supra, is used; and it is provided that the veteran shall be exempted from the payment of "all dues, fees and charges whatsoever." Inasmuch as the phrases "tuition, fee or charge of any kind whatever" and "matriculation fee" as used in Article 2654a patently do not include student "activity fees," the phrase "dues, fees, and charges whatsoever" as used in Section 1 of Article 2654b-1 is not to be construed as including student "activity fees." Furthermore, the student activity fee originally provided for in Section 4 of Article 2654a, supra, was permissive, and it was not therefore necessary to exempt a student from its payment.

Articles 2654a and 2654b-1 being in pari materia, it necessarily follows that the Legislature in exempting the veteran from the payment of all "dues, fees and charges whatsoever" in Article 2654b-1 intended to exempt him from the payment of those fees required by the terms of Article 2654a.  2 Sutherland Statutory Construction 530, supra.

The Legislature in amending Section 4 of Article 2654a, supra, so as to require a fee or charge from all students to cover the cost of student activities could have easily provided for an exemption from payment in favor of the class of veterans covered by this opinion if it had so intended.  Cf. Article 2589f, V.C.S.  (Said Article, which was enacted in 1945, specifically provides that any student exempt from the payment of the tuition fee shall be exempt from payment of the Texas Union fee therein provided for.)  It did not see fit to do so.

Therefore, it is our opinion that veteran students who are exempt from the payment of fees by Article 2654b-1, Sections 1 and 3, V.C.S., are not exempt from the payment of the student activity fee provided for in Chapter 66, Acts of the 50th Legislature, Regular Session, 1947.

## SUMMARY

The exemption extended to veteran students by Article 2654b-1, Sections 1 and 3, V.C.S., does not operate to exempt such veteran students from the payment of a student activities fee required by State College Boards under Senate Bill 228, Acts of 50th Legislature, Regular Session, 1947, Chapter 66, p. 96.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Dean J. Capp_
Dean J. Capp
Assistant

APPROVED:

_Price Daniel_
ATTORNEY GENERAL

By _Charles D. Mathews_
Charles D. Mathews
Assistant

DJC:CDM:jt